### JAMES ANDREW *vs.* NORMAN SPURR.

A grantor of land cannot maintain a bill in equity to reform his deed, by inserting therein a reservation which was included in the oral agreement between the parties, if the omission to insert it does not appear to have occurred through fraud, accident or mistake, but in consequence of his relying upon the promise of the grantee to carry out the oral agreement. Nor, in such case, can relief be granted to the plaintiff on the ground that the defendant's refusal to perform his promise is fraudulent.

BILL IN EQUITY brought to reform a deed of land from the plaintiff to the defendant, dated in February 1861, by inserting therein a reservation of the right to cut and remove certain trees standing thereon. The plaintiff held the premises under a deed from Salmon K. Norton to him, which contained the same reservation which he sought by this bill to have inserted in his deed to the defendant.

At the trial in this court, before *Metcalf,* J., issues were framed for the jury on the following allegations in the bill : "1. That, before and at the time of the execution of the plaintiff's deed to Spurr, it was understood and agreed between the parties that the wood, &c., as reserved to Norton in his deed, was not to be included in the conveyance. 2. That by misunderstanding and mistake between the parties the wood reserved by Norton was not reserved in the said deed from Andrew to Spurr."

The plaintiff testified as follows : That, in the preliminary negotiations, he informed the defendant of the reservation in the deed from Norton to him, and of Norton's right to remove the timber, and the parties thereupon agreed upon the terms of the sale ; that they went together to a justice of the peace, and requested him to draw the deed ; that the justice asked for the deed of Norton, but, as it was not present, it was concluded to describe the

land by bounding it upon the adjoining owners ; that the justice, while drawing the deed, overheard some talk of the reservation, and asked what it meant, and, upon being informed, said that a new deed had better be made. The defendant said he did not see how he could wait. The plaintiff inquired if it would make any difference whether the reservation was put in or not, as the trees would soon be cut off, and the defendant and he had a perfectly good understanding about it. The justice replied that it would make no difference if they were ready to carry out their contract as they understood it, but thought it better to have a new deed. The plaintiff asked the defendant if it would make any difference on his part, and the defendant replied that it would not. The plaintiff said that the defendant would deal honestly and uprightly by him. There was considerable talk about inserting an interlineation in the deed. The plaintiff proposed putting in this clause : " Being the same I purchased of Salmon K. Norton," and referring to the old deed. The plaintiff stated that he left, supposing it would be put in and was put into the deed, and was thunderstruck when he was informed, after the commencement of a suit against him upon the covenants of his deed, that it was not. The deed was read over to him after it was written, at the closing up ; he was not positive whether it was before the talk last narrated.

The justice testified substantially as follows : "At the time when the deed was drawn, and I had nearly completed it, I heard something said as to a reservation of wood, and, upon inquiry, both the plaintiff and the defendant informed me that there was such a reservation, and pointed out upon a plan the portion covered by the reservation. I said, I thought the reservation should be in the deed. The plaintiff asked if it would not be enough if it was inserted in the deed as being the same premises conveyed to him by Norton, and referring to the deed. I think I stated that it would be of no avail, unless the reservation was in. I took the deed to put something in as to the reservation. The plaintiff turned to the defendant and asked if it would make any difference whether that was put into the deed or not. The defendant made no reply at first, but, upon the

plaintiff's repeating it, said, ' No, not as I know of.' I think I then took up the deed and said I thought I had better put in a clause including the reservation. The plaintiff wanted to know if it would make any difference. I told him, No, if they carried out their contract in good faith, but that all reservations should be in deeds, as they were matters of record. I think the reason why it was not put into the deed was, because we did not agree as to the words. In consequence of the parties agreeing that it was not necessary to put it into the deed, I did not put it in."

There was some further evidence to show that the defendant understood that he was not to have the trees in question.

Upon this evidence the plaintiff rested, and the judge, being of opinion that it did not sustain the issues, and would not justify the entry of a decree reforming the deed, took the case from the jury, and reported it for the determination of the whole court.

*J. D. Colt & T. P. Pingree, Jr.*, for the plaintiff. It is plain that the deed in this case fails to meet the clear intention and agreement of both parties, by reason of the misdescription of the premises. Mistakes in the description of the estate to be conveyed are frequently and readily corrected in equity. 1 Story on Eq. §§ 155–157. *Canedy v. Marcy*, 13 Gray, 377. *Sawyer v. Hovey*, 3 Allen, 331. Unguarded confidence, undue haste, surprise, actual mistake in fact as to the insertion of a clause referring to the old deed, and other circumstances, conspired, in a way not now to be comprehended, to produce the result; and the only question is now, not how the mistake happened, but whether the deed as made does in fact defeat the intention of both parties. 1 Story on Eq. §§ 134, 155–157. *Joynes v. Statham*, 3 Atk. 388. *Ramsbottom v. Gosden*, 1 Ves. & B. 168. *Townshend v. Stangroom*, 6 Ves. 336. *Gillespie v. Moon*, 2 Johns. Ch. 596. *Sawyer v. Hovey*, 3 Allen, 331. The mistake as to the reference to the old deed was material, because it formed a part of the description of the premises.

*M. Wilcox*, for the defendant.

BIGELOW, C. J. The most liberal doctrine of equity, applicable to the correction of mistakes in written contracts, cannot

be made to embrace a case such as the evidence offered by the plaintiff at the trial tended to prove. If it be admitted that oral evidence is competent to show that through mistake or ignorance of facts, or even of law, a particular clause in a contract was inserted, or a material stipulation was omitted, and that a court of equity will, upon such proof, without any evidence of fraud or collusion, correct and reform a written instrument, and cause it to be carried into effect according to the terms of the agreement as verbally understood and assented to — if such be the rule on which courts of equity proceed in administering remedies under this branch of their jurisdiction — still the plaintiff fails to bring his case within the scope of its operation. The evidence not only does not show that there was any mistake in the terms of the deed as it was written by the scrivener, and as it was executed and delivered by the plaintiff, but it tends to prove that the particular reservation which he now seeks to incorporate into the deed was omitted with his knowledge and assent, and that he was willing to rely on the verbal agreement of the defendant that the rights of the parties should not be affected by its omission. It appears by the testimony of the scrivener that the plaintiff was informed by him that the reservation as to the right to take wood from the premises ought to be inserted in the deed ; that it was left out because its precise terms were not agreed on; that the plaintiff inquired whether its omission would make any difference, and was told it would not, if the parties were willing to carry out their verbal agreement in good faith ; and that, after this suggestion was made, he did not insert any clause relating to the right to take off the wood, " the parties agreeing that it was not necessary to put it into the deed." This explicit statement of an intelligent and impartial witness, whose credibility there is no valid reason to doubt, is entitled to confidence and belief, in preference to any conflicting assertion of the plaintiff. The latter is under the strong bias of a party who has a considerable pecuniary interest involved in the issue of this suit. Nor is his testimony altogether consistent with itself. He states that he supposed a reference to the deed under which he held the estate was inserted

in the deed to the defendant, for the purpose of incorporating into the grant the reservation of the right to take off the wood. This is contradicted by the evidence of the scrivener, and is not easily to be reconciled with the previous statement of the plaintiff, that he inquired whether the insertion of a clause relating to the reservation would make any difference, and, on being told by the scrivener and the defendant that it would not, if the defendant would fulfil his verbal agreement, replied that he thought the latter would deal honestly by him. This was certainly equivalent to an assent to the omission of such clause from the deed, and the scrivener so understood it. The plaintiff also testifies that the deed was read over to him after it was finished, " at the closing up." It is difficult to believe, if the alleged clause was to have been inserted in the deed, that he would not then have noticed its omission, especially as his attention had just been specially called to the subject.

On a careful weighing of the evidence, it seems to us that the real object of this suit is to do that which the plaintiff agreed should not be done — that is, to cause a stipulation to be inserted in the deed, which it was understood should be left to rest in the oral agreement of the parties. We know of no principle on which a party can ask a court of equity to insert in a written instrument a clause which he well knew was not in it when he executed and delivered it, and which was omitted therefrom with his voluntary and intelligent assent. In such case there is no accident, mistake or fraud on which to found a claim to equitable relief. Inasmuch as the plaintiff was willing to trust to the verbal agreement of the defendant for that which he well knew ought to have been inserted in the deed, he cannot ask the interference of a court of equity to restore him to that which he lost through his misplaced confidence.

Parties cannot be compelled to put their oral agreements in writing. It is only when they enter into written contracts, and material stipulations are erroneously framed or wholly omitted by accident, mistake or fraud, that equity will reform instruments and make them conform t⸍ ⸜e original intention and agreement of the parties. Sup⸍⸜e a promissory note was

given by a party, payable on demand, and the parties orally agreed that payment should not be enforced for a specified period of time; would a bill in equity lie to reform the note, and to carry into effect the verbal agreement? Or if a person agreed to buy merchandise to the amount of fifty dollars and upwards, of which there was no written agreement or memorandum made or contemplated by the parties; could the purchaser be compelled by a decree in equity to sign such an agreement as would constitute legal evidence of the contract? In such cases it is obvious that equity can grant no relief, because the parties stand in the precise position in which they were left by their oral agreement. So it is in the case at bar; the plaintiff, having voluntarily consented to allow a material stipulation to be omitted from the deed, cannot ask to have it inserted by a decree of this court.

The view which we have taken of this case is fully supported by the weight of authority. The leading case of *Irnham* v. *Child*, 1 Bro. C. C. 92, is not unlike the case before us. There an annuity was granted by deed; it was verbally agreed between the parties that it should be redeemable.; but this stipulation was omitted from the deed by the mutual assent of the parties, lest it should make the whole contract usurious and void. It was held by Lord Thurlow, on a bill brought to supply this omission, that, as the omission was not the result of fraud or mistake, it could not be supplied by parol evidence. *Portmore* v. *Morris*, 2 Bro. C. C. 219. *Townshend* v. *Stangroom*, 6 Ves. 328, 332. *Croome* v. *Lediard*, 2 Myl. & K. 251. *London, &c. Railway* v. *Winter*, 1 Craig & Phillips, 59. *Phillips* v. *Eastwood*, Lloyd & G. (*temp.* Sugden) 270, 288. 1 Story on Eq. § 154. The whole doctrine on this subject, with its exceptions and qualifications, is clearly stated and the authorities fully collected in 2 White & Tudor's Lead. Cas. in Eq. (3d Amer. ed.) 670, by the learned American editors, in the note to *Woollam* v. *Hearn.*

It was suggested by the counsel for the plaintiff that, if this bill could not be supported on the ground of accident or mistake, it might be maintained as a bill for relief against fraud. But there is no evidence of fraud on the part of the defendant

except that he refused to keep his oral agreement. This is clearly no reason for reforming a contract which was entered into fairly, and which was fully understood by both parties.

*Bill dismissed.*